```
BENJAMIN B. WAGNER
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>            Plaintiff,   )<br>   )<br>       v.   )<br>   )<br>2003 HARLEY DAVIDSON   )<br>MOTORCYCLE, VIN:   )<br>1HD1DJV503Y615641,   )<br>   )<br>            Defendant.   )<br>_____) | 2:07-CV-00468-GEB-EFB<br><br>CONSENT JUDGMENT<br>OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 28, 2006, Magistrate Judge Gregory G. Hollows authorized the seizure of the 2003 Harley Davidson Motorcycle, VIN: 1HD1DJV503Y615641 (the "motorcycle") based upon a finding of probable cause that the defendant motorcycle was subject to forfeiture to the United States based upon violations of 18 U.S.C. §§ 1956 and 1957 and 21 U.S.C. §§ 841 and 846.  See <u>2003 Harley Davidson, VIN: 1HD1DJV503Y615641</u>, 2:06-SW-0262-GGH.  On or about September 28, 2006, the Internal Revenue Service, Criminal Investigation ("IRS") executed the seizure warrant against the

defendant motorcycle. IRS then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about December 18, 2006, the IRS received a claim from Daryl Summerfield asserting an ownership interest in the defendant motorcycle.

2. On October 19, 2006, a Grand Jury in the Eastern District of California charged Daryl M. Summerfield with violations of 18 U.S.C. § 1956 - Money Laundering, 18 U.S.C. § 1957 - Engaging in a Monetary Transaction in Criminally Derived Property, 21 U.S.C. § 841 - Possession with Intent to Distribute at Least 5 Kilograms of Cocaine, and 21 U.S.C. § 846 - Conspiracy to Distribute and to Possess with Intent to Distribute at Least 5 Kilograms of Cocaine. See U.S. v. Daryl M. Summerfield, et al., 2:06-CR-00428-JAM.

3. If this matter proceeded to trial in a civil forfeiture proceeding the government would show that on or about January 28, 2003, Summerfield purchased the defendant motorcycle from Folsom Harley Davidson in Folsom, California. According to California Department of Motor Vehicles, Summerfield registered this motorcycle under the alias of "Darrell" Summerfield. The defendant motorcycle was financed through Harley Davidson Credit. As set forth below and as specified in greater detail in the affidavit in support of seizure warrant, agents believe the $30,100.00 to purchase the motorcycle came from Summerfield. According to Harley Davidson credit account records and bank account records which agents obtained by subpoenas and reviewed, the following is a break-down of the payment history of the defendant motorcycle:

    a. On or about January 28, 2003, Summerfield purchased a $8,000 Cal Fed Bank Official Check. This $8,000 Cal Fed Bank

Official Check was used as Summerfield's down payment.  According to a Cal Fed Bank representative, Summerfield purchased the $8,000 Official Check with currency.

     b.  On March 11, 2003, Money Order #05151424994 made payable to Harley Davidson in the amount of $500.00 was purchased with currency by Summerfield.

     c.  On April 21, 2003, Summerfield purchased with currency four (4) money orders made payable to Harley Davidson totaling $2,000.00.

     d.  On June 16, 2003, Check #117 made payable to Harley Davidson Credit in the amount of $4,000.00 cleared bank account number 119107-9 at Golden One Credit Union in the name of Daryl Summerfield.  On June 11, 2003, a depositor deposited $5,200.00 in currency into this same bank account to cover check #117.

     e.  On September 18, 2003, Check #1344 made payable to Harley Davidson Credit in the amount of $1,000.00 cleared bank account number 56643117209 held at Golden One Credit Union in the name of Angela Summerfield.  On September 11, 2003, a depositor deposited $7,640.00 in currency into this same bank account to cover check #1344.

     f.  On January 20, 2004, Angela Summerfield purchased a $4,000.00 Cashier's Check number 001851258 by debiting her Golden One Credit Union bank account number 56643117209.  Also, on January 20, 2004, a depositor deposited $5,178.00 in currency into this same bank account to cover Cashier's Check #001851258.

     g.  On January 21, 2004, an unknown person purchased Wells Fargo Bank Official Check number 0036009327 made payable to Harley Davidson Credit in the amount of $9,500.00.  On the front of

the Official Check there was a handwritten note that stated, "from Daryl Summerfield."

    h.  On or about January 31, 2004, Daryl Summerfield purchased with currency two (2) money orders made payable to Harley Davidson totaling $1,100.00.

4.  Based on the above facts relating to the purchase of the defendant motorcycle and the investigation, agents believe that the currency that was deposited into Angela Summerfield's and Daryl Summerfield's bank accounts and the currency used to purchase the money orders came from Daryl Summerfield's drug trafficking activities, specifically from a specified unlawful activity, Title 21 U.S.C. §§ 841(a)(1) and 846 and Title 18 U.S.C. § 1956(a)(1)(B)(i).

5.  Without admitting the truth of the factual assertions contained in the stipulation or in the affidavit in support of the seizure warrant, Summerfield specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter and all civil claims arising out of the factual averments made in said documents described above, Summerfield agrees that an adequate factual basis exists to support forfeiture of the defendant motorcycle.  Summerfield hereby acknowledges that he is the sole owner of the defendant motorcycle and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant motorcycle, Summerfield agrees to hold harmless and indemnify the United States.

6.  This Court has jurisdiction in this matter pursuant to 28

U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.  This Court has venue pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 881(j), as this is the judicial district into which the defendant motorcycle was brought and this is the judicial district in which the criminal prosecution was brought.

8.  The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.  The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.  All right, title, and interest in the defendant motorcycle shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), to be disposed of according to law.

11.  Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and forfeiture of the defendant motorcycle.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed.  The parties have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time**

**of executing the release, which if known by him must have materially affected his settlement with the debtor."**

12. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant motorcycle and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

Dated:  March 3, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge


**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant motorcycle.

Dated:  March 3, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge